UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| **JEFFREY ALLEN IRVING,** ) | |
| Petitioner, ) | |
| ) | Civil Action Nos. 2:25-00745 |
| v. ) | |
| ) | |
| **WILLIAM R. SHARPE, JR. HOSPITAL,** *et al.*, ) | |
| Respondent. ) | |

**O R D E R**

On December 18, 2025, Petitioner, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs (Document No. 1) and Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 2). In his Petition, Petitioner indicates that he is a pretrial detainee that "has been erroneously adjudged incompetent to stand trial and has been unlawful detained for over 15 months without a trial." (Document No. 2.) Petitioner explains that he was detained at a regional jail for 13 months and has been detained at William Sharpe Hospital for four months. (Id.) As grounds for relief, Petitioner alleges violations of this Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (Id., pp. 6 – 7.) Petitioner, however, wholly fails to indicate the name or location of the State court that entered the involuntarily commitment order that Petitioner is challenging. (Id., p. 2.) Petitioner further fails to indicate whether he appealed any of the State court decisions that he is challenging. (Id.)

The proper means for Petitioner to challenge the validity of his involuntarily commitment to a West Virginia mental health facility in Federal court is to file a *habeas* petition pursuant to 28 U.S.C. § 2254. See In re Parsons, 2013 WL 3462999, * 17 (S.D.W.Va. July 9, 2013)(J. Johnston). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in state custody pursuant to a state court judgment may seek to challenge his confinement under 28 U.S.C. § 2254. Section 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Section 2254 is not limited to cases involving convictions in criminal cases. In Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), the Supreme Court stated as follows:

> Incarceration pursuant to a state criminal conviction may be by far the most common and most familiar basis for satisfaction of the 'in custody' requirement in § 2254 cases. But there are other types of state court judgments pursuant to which a person may be held in custody within the meaning of the federal habeas statute. For example, federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt.

Duncan, 533 U.S. at 176, 121 S.Ct. at 2120. Thus, Petitioner, who is presently involuntarily committed to a West Virginia mental health facility pursuant to West Virginia Code § 27–6A–3, may pursue habeas relief under 28 U.S.C. § 2254. Therefore, the undersigned **CONSTRUES** Petitioner's Section 2241 Petition (Document No. 2) as a *habeas* action pursuant to 28 U.S.C. § 2254.

Petitioner is **NOTIFIED** that pursuant to Section 2254(b)(1), an application for a writ of habeas corpus shall not be granted unless: (1) it appears the applicant "has exhausted the remedies available in the courts of the State"; or (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." An application may be denied on the merits notwithstanding the applicant's failure to exhaust his state remedies. 28 U.S.C. § 2254(b)(2). It is a petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.). A review of the record does not reflect any effort by Petitioner to exhaust his State remedies, such as

appealing the commitment order, seeking relief through extraordinary writs of mandamus or prohibition,[1] or filing a state habeas action. See Sell v. United States, 539 U.S. 166, 176–77, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003)(holding that a pretrial provisional commitment order in a criminal case that directed that the defendant be involuntarily medicated was an appealable collateral order because it conclusively determined a disputed question, resolved an issue of constitutional significance, and was effectively unreviewable on appeal from a final judgment); United States v. Martinez–Haro, 645 F.3d 1228, 1231–32 (10th Cir. 2011)(stating that district court's order granting government's motion for a second competency evaluation was immediately appealable); United States v. Godinez–Ortiz, 563 F.3d 1022, 1026–28 (9th Cir. 2009)(finding that the appellate court had collateral order jurisdiction over criminal defendant's interlocutory appeal of district court's involuntary commitment order); United States v. Magassouba, 544 F.3d 387, 399–402 (2nd Cir. 2008)(applying *Sell* and holding that collateral order doctrine permitted interlocutory appeal of involuntary hospitalization for psychiatric treatment and involuntary medication); United States v. Gold, 790 F.2d 235, 237–39 (2nd Cir. 1986)(finding involuntary commitment order immediately reviewable under collateral order doctrine); United States v. Lapi, 458 F.3d 555, 560–61 (7th Cir.2006)(finding in a criminal case that district court's order scheduling a hearing to determine whether defendant posed a risk of future dangerousness was immediately reviewable under collateral order doctrine); United States v. Davis, 93 F.3d 1286, 1289 (6th Cir. 1996)(stating an "order of commitment for psychiatric examination easily satisfies the requirements of the collateral order doctrine"); United States v. Weissberger, 951 F.2d 392,

---

[1] An avenue that is available to petitioner is filing a writ of prohibition pursuant to West Virginia Code § 53–1–1 in an original proceeding before the Supreme Court of Appeals of West Virginia challenging the constitutionality of his confinement.

396 (D.C.Cir.1996)(stating that competency evaluation order is reviewable under collateral order doctrine); State ex rel. Riley v. Rudloff, 212 W.Va. 767, 575 S.E.2d 377, 381–82 (W.Va.2003)(stating that a writ of prohibition, as opposed to a state habeas corpus or mandamus proceeding, was an appropriate means of seeking appellate relief by a pretrial detainee who challenged the constitutionality of a state statute [West Virginia Code § 27–5–2(a)] that prohibited applications for involuntary hospitalizations on behalf of incarcerated persons).

Based upon the construing of Petitioner Section 2241 Petition as a Section 2254 Petition, and the fact that Petitioner failed to provide relevant information concerning the location of the State court that he is challenging, Petitioner should file an Amended Section 2254 Petition using the correct form. Petitioner is further **NOTIFIED** that Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Section 2254 petition: "(1) specify all grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the requested relief; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2, *Rules Governing Section 2254 Cases in the United States District Courts*. Accordingly, it is hereby **ORDERED** that Petitioner file on or before **February 6**, **2026**, an Amended Section 2254 Petition specifically setting forth his grounds for relief and the facts supporting each ground for relief. Failure of the Petitioner to amend his Section 2254 Petition by February 6, 2026, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[2] and Rule 41.1 of the Local Rules

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to

of Civil Procedure for the Southern District of West Virginia[3].

The Clerk is requested to mail a copy of this Order, a blank form "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody," and relevant instructions to Petitioner, who is acting *pro se*.

ENTER: January 5, 2026.



Omar J. Aboulhosn
United States Magistrate Judge

---

join a party under Rule 19 - - operates as an adjudication on the merits.

[3] Rule 41.1 of the Local Rules provides:
  **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.